

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
04/25/2020

| | | |
|---|---|---|
| IN RE: § | CASE NO. 19-20497 | |
| HIDALGO COUNTY EMERGENCY § | | |
| SERVICE FOUNDATION, § | | |
| Debtor. § | CHAPTER 11 | |
| § | | |
| HIDALGO COUNTY EMERGENCY § | | |
| SERVICE FOUNDATION, § | | |
| Plaintiff § | ADVERSARY NO. 20-2006 | |
| v. § | | |
| JOVITA CARRANZA, IN HER § | | |
| CAPACITY AS ADMINISTRATOR FOR § | | |
| THE U.S. SMALL BUSINESS § | | |
| ADMINISTRATION, § | | |
| Defendant. § | | |

**TEMPORARY RESTRAINING ORDER**

On Friday April 24, 2020, the Court considered the Plaintiff's Emergency Application For Temporary Restraining Order And Preliminary Injunction (the "**Application**"), and the request in the Application for issuance of a temporary restraining order; and having considered certain facts set forth in the Application and supplemental declarations as being sworn to as true and within the personal knowledge of Plaintiff's representatives Omar Romero, David Elliot, and Kenneth Ponce; and having considered the text and purpose of the Coronavirus Aid, Relief, and Economic Security Act" ("**CARES Act**"), the Paycheck Protection Program ("**PPP**") in the CARES Act, and Section 7(a) of the Small Business Act (15 U.S.C. 636(a)); and having considered the arguments and briefing of counsel for the Plaintiff and counsel for Defendant Jovita Carranza, In Her Capacity As Administrator For The U.S. Small Business Administration ("**SBA**"); and having considered the SBA's Interim Final Rule for implementing the PPP, Docket No. SBA-2020-0015, and an as-yet unpublished proposed revision to the Interim Final Rule that was presented by SBA's counsel at the hearing, this Court finds and concludes that the

Plaintiff would suffer immediate and irreparable harm without issuance of a temporary restraining order. The Court incorporates by reference all its oral findings and rulings made on the record at the hearing, and also finds as follows:

1. Hidalgo County Emergency Service Foundation, the Debtor and Debtor-in-Possession in this Chapter 11 Proceeding ("**Debtor**", "**Plaintiff**", or "**Hidalgo County EMS**") is entitled to issuance of a temporary restraining order pursuant to Bankruptcy Rule 7065 (incorporating Rule 65, FRCP).

2. Plaintiff has shown a substantial likelihood of success on the merits on both its claims that SBA has exceeded its statutory authority and that it is in violation of 11 USC §525(a) with respect to SBA requiring participating lenders to consider loan applications on a form that says PPP loans will not be approved if the applicant or any owner is presently involved in any bankruptcy.

3. Hidalgo County EMS states that it otherwise meets all other requirements for receipt of a PPP loan, however the Court make no ruling on whether or not Hidalgo County EMS otherwise qualifies for a PPP loan.

4. Hidalgo County EMS testified that it answered "yes" to Question #1 of the SBA loan application form only because of its pending bankruptcy.

5. Hidalgo County EMS is the primary 911 patient transfer provider for a large part of its service area in South Texas that includes some of the poorest areas in the country. It has approximately 250 highly-trained employees who may lose their jobs unless Debtor is permitted to apply for PPP loan. Hidalgo County EMS is currently working to reorganize in Chapter 11 while maintaining 100% of its usual staffing levels in the midst of the Corona Virus pandemic and a significant decline in call volume which causes a revenue decline that has occurred despite

the Debtor's extensive and ongoing involvement as a "front line" health care provider for victims of COVID-19 in South Texas. Debtor's business, along with nearly every other business in the United States, has become the economic victim of novel coronavirus SARS-CoV-2, which lead to the shutdown or severe curtailment of normal life in the United States.

6. The first lockdown order in Hidalgo County, Texas, was on March 17, 2020, and it was subsequently extended on a weekly basis. HCEMS call volume dropped off sharply a few days later.

7. Debtor's daily "Treat and Transport" number was trending towards 140 per day prior to the first lockdown order in Hidalgo County, Texas, however HCEMS has been struggling to keep at 100 throughout the lock down, a declined of 30%. Each call that results in a treat and transport typically results in a cash receipt approximately 4 – 6 weeks after the call.

8. Based on the drop in call volume the Debtor projects a related drop in cash receipts beginning about now, and unless there is a liquidity event of some sort, the Debtor is concerned it may have insufficient cash to make payroll on May 7, 2020.

9. Debtor continues to maintain pre-Corona employment levels in order to serve the community during this pandemic. Hidalgo County EMS needs the PPP loan to shore up its finances and allow it to continue to support the community as a front-line medical services provider during the crisis. Without this source of liquidity the Debtor's survival as a going concern is in question.

10. The risk of harm to Movant outweighs the harm to SBA if a TRO is granted.

11. Issuance of this temporary restraining order is in the public interest. The continued gainful employment of the Debtor's approximately 250 employees benefits the public interest as a whole. The Debtor's business as a "front line" health care provider is vitally

important even in normal times, and even more so now for victims of COVID-19 in South Texas. It is important to maintain a fully-staffed emergency response capability that serves the entire South Texas region and all its citizens. The public interest is clearly served by Debtor being able to maintain 100% of its usual staffing levels in the midst of the Corona Virus pandemic and an approximately 30% decline in its business since the onset of this crisis.

12. The Debtor is a debtor-in-possession, and it is not required to post a bond. Fed. R. Bankr. P. 7065, and so no bond is required. *See, e.g. Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir 1985). The Court made additional findings on the record which are incorporated herein pursuant to Bankruptcy Rule 7052.

Based on the findings and conclusions set forth above, it is hereby ORDERED, AJDUDGED AND DECREED as follows:

1. The Plaintiffs' request for a temporary restraining order, is hereby GRANTED as set forth herein.

2. A temporary restraining order is hereby issued, with notice, and directed to Jovita Carranza in her capacity as Administrator for the United States Small Business Administration, and all agents, servants, employees, and any parties acting in concert with any of the foregoing parties (collectively "**Restrained Parties**"). Until the expiration of this temporary restraining order, its scope is as follows:

    a. Hidalgo County EMS is authorized to submit a PPP loan application to any lender with the words "or presently involved in any bankruptcy" stricken from the SBA's form, and, if Hidalgo County EMS satisfies all the other conditions in question #1 to the loan application form, mark the box answering question #1 "no." The Restrained Parties shall consider the PPP application and fully implement all aspects of the PPP program with respect to Hidalgo County EMS without any consideration of the involvement of Hidalgo

County EMS or any owner of Hidalgo County EMS in any bankruptcy.

b.  To the extent any bank requires Hidalgo County EMS to execute any other forms, applications, or other documents for a PPP loan that include any language about whether Hidalgo County EMS or any owner of Hidalgo County EMS is involved in any bankruptcy, Hidalgo County EMS is authorized to strike the portion of such language about involvement in any bankruptcy and the Restrained Parties shall process the forms, applications, or other documents without any consideration of the involvement of Hidalgo County EMS or any owner of Hidalgo County EMS in any bankruptcy.

c.  The Restrained Parties shall not make or condition the approval of any PPP loan guaranty to the Debtor contingent on the Debtor or any owner of the Debtor not being "presently involved in any bankruptcy."

IT IS FURTHER ORDERED that the Court will conduct a hearing on Plaintiff's Application for a Preliminary Injunction at 9:30 a.m., on the 8th day of May, 2020. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction.

This temporary restraining order shall remain in full force and effect until it expires at 10:00 a.m. on May 8, 2020, unless either (a) terminated earlier by court order, or (b) further extended as provided by law or agreement of the parties.

SIGNED this the _____ day of April, 2020, at _____ a.m./p.m.

**Signed:  April 25, 2020.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Signed at 8:44 p.m. prevailing central time on 4/25/2020.

**APPROVED AND ENTRY REQUESTED:**


    */s/ Nathaniel Peter Holzer*
Nathaniel Peter Holzer
State Bar. No 00793971
***Jordan, Holzer & Ortiz, PC***
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401
Telephone: 361.884.5678
Facsimile: 361.888.5555
Email: pholzer@jhwclaw.com
**BANKRUPTCY CO-COUNSEL TO DEBTOR**

-and-

Kay B. Walker
State Bar No. 20713400
***Law Office of Kay B. Walker***
615 Leopard, Ste. 635
Corpus Christi, TX 78401
Telephone: 361.533.2476
Email: kaywalker@kaywalkerlaw.com
**BANKRUPTCY CO-COUNSEL TO DEBTOR**


**APPROVED ONLY AS TO FORM:**


RYAN K. PATRICK,
United States Attorney

By: */s/ Richard A. Kincheloe by NP Holzer with permission*
Richard A. Kincheloe
Assistant United States Attorney
Attorney-in-Charge
United States Attorney's Office
Southern District of Texas
Texas Bar No. 24068107
S.D. Tex. ID No. 1132346
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9422
Facsimile: (713) 718-3033
Email: Richard.Kincheloe@usdoj.gov

**Attorney for the Defendant**